## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW PASCUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 14 CV 9597 |
| | ) | |
| Chicago Police Officers ROBERT O'DONNELL #1958, MICHAEL YOUNAN #7089, JAMES POREMBA #2277, JOHN WALSH #6595, TIMMIE DEBERRY #5427, JULIO RODRIGUEZ #9327, JOSE HERNANDEZ #16811, RICHARD ROBLES #14073, and DOUBLE DOOR LIQUORS, INC., an Illinois corporation, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Judge<br><br>Magistrate Judge |
| Defendants. | ) | |

## COMPLAINT

Plaintiff ANDREW PASCUS, by and through his attorney, Torreya L. Hamilton, makes the following complaint against Defendants CITY OF CHICAGO (Defendant CITY) and Chicago Police Officers ROBERT O'DONNELL, MICHAEL YOUNAN, JAMES POREMBA, JOHN WALSH, TIMMIE DEBERRY, JULIO RODRIGUEZ, JOSE HERNANDEZ, RICHARD ROBLES (Defendant OFFICERS), and DOUBLE DOOR LIQUORS, INC.:

### JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. §1983 to address the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and under Illinois common law.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

### PARTIES

4.   Plaintiff ANDREW PASCUS is a twenty-five year old man with a mental disability who is a resident of Wilmette, Illinois.

5.   At all relevant times, Defendant OFFICERS were Chicago police officers, acting under color of law and within the scope of their employment.

6.   Defendant DOUBLE DOOR, INC. was and is a corporation, duly organized and incorporated under the laws of the State of Illinois, and conducting business in the State of Illinois.

## FACTS

7.   On December 3, 2012, Plaintiff was at a live music venue known as the Double Door, owned and operated by DOUBLE DOOR, INC., and located at 1551 North Damen Avenue, in Chicago, Illinois.

8.   At approximately 9:15 p.m., employees of DOUBLE DOOR, INC., David S. Williams, Donald Gibson and Lee Holden, accused Plaintiff of smoking inside the club, tackled Plaintiff to the ground, and physically removed him from the premises.

9.   Defendant OFFICERS thereafter detained and arrested Plaintiff, and transported him to the Fourteenth District Police Station.

10.  At the police station and while Plaintiff was restrained, Defendant OFFICERS struck Plaintiff in the face causing him pain and visible injuries.

11.  Defendant OFFICERS transported Plaintiff to a hospital where they caused him to be catheterized against his will.

## COUNT I
(42 U.S.C. § 1983, Fourth Amendment Claim vs. Defendant OFFICERS)

12.  Each of the preceding paragraphs is incorporated as if fully restated here.

13.  As described above, the intentional conduct of Defendant OFFICERS towards Plaintiff was objectively unreasonable under the circumstances in violation of the Fourth Amendment to the United States Constitution.

14. One or more of Defendant OFFICERS were aware of the misconduct of his fellow OFFICERS, had a reasonable opportunity to intervene to prevent it, but failed to do so.

15. As a direct and proximate result of Defendant OFFICERS' misconduct, Plaintiff suffered damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for the damages he has suffered, plus a substantial sum in punitive damages, as well as costs, attorneys' fees, and such other relief as is just and equitable.

## COUNT II
### (Illinois Battery vs. DOUBLE DOOR, INC.)

16. Each of the preceding paragraphs is incorporated as if fully restated here.

17. As described above, agents and/or employees of DOUBLE DOOR, INC. willfully and wantonly and without legal justification used physical force upon Plaintiff.

18. As a direct and proximate result of the intentional misconduct of the agents and/or employees of DOUBLE DOOR, INC., Plaintiff suffered damages, which will be proven at trial.

19. Illinois law provides that employers, such as DOUBLE DOOR, INC., are liable for compensatory damages on a tort judgment against an employee who was acting within the scope of his employment.

20. At all relevant times, David S. Williams, Donald Gibson, and Lee Holden were agents and/or employees of DOUBLE DOOR, INC., and acting within the scope of their employment.

21. Defendant DOUBLE DOOR, INC., therefore, is liable as principal on all torts committed by its agents and/or employees Williams, Gibson and Holden.

**WHEREFORE**, Plaintiff prays for judgment against DOUBLE DOOR, INC. in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, and such other relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

ANDREW PASCUS, Plaintiff

By: /s Torreya L. Hamilton
    Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, IL 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397